UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARGARET M. O'REILLY,

     Plaintiff,

v.                                                    Case No.:  2:24-cv-292-SPC-KCD

MEDICAL FACILITIES OF
AMERICA and RIVERSIDE
HEALTH AND REHABILITATION
CENTER,

     Defendants.

_____/

### OPINION AND ORDER

     Before the Court are Defendants' Motion to Dismiss or Transfer (Doc. 15) and Plaintiff's Response (Doc. 18).  For the below reasons, the Court grants the motion and transfers this case.

     Plaintiff Margaret M. O'Reilly worked as a Medical Records Coordinator at Riverside Health and Rehabilitation Center in Danville, Virginia.  During her time there, her employer required employees to receive a Covid-19 vaccination.  But Plaintiff requested an accommodation.  She provided documentation from a doctor stating that she is disabled and that the vaccine could cause serious complications.  Despite this, her employer denied her request, placed her on unpaid medical leave, and listed her position online.  Plaintiff now sues and alleges Defendants violated the Americans with

Disabilities Act by terminating her employment and failing to provide her a reasonable accommodation and made false claims to the Virginia Unemployment Commission. Defendants move to dismiss or transfer for improper venue (Doc. 15).

When challenged by a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the plaintiff has the burden of showing that venue is proper in its chosen forum. *Brown v. Brown*, No. 8:06-CV-1028T24GW, 2007 WL 949424, at *2 (M.D. Fla. Mar. 27, 2007). Generally, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

A court considering a motion to dismiss for improper venue must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Dyck-O'Neal, Inc. v. England*, No. 2:15-CV-27-FTM-38DNF, 2015 WL 1911268, at *2 (M.D. Fla. Apr. 27, 2015). That said, when evaluating such a motion, "the court may consider matters

outside the pleadings such as affidavit testimony." *Wai v. Rainbow Holdings*, 315 F.Supp.2d 1261, 1268 (S.D. Fla. 2004). Therefore, "to resolve such a motion, the Court accepts all allegations of the complaint as true, unless contradicted by the defendant's evidence, and draws all reasonable inferences and resolves all factual conflicts in favor of the plaintiff." *Dyck-O'Neal, Inc.*, 2015 WL 1911268, at *2.

Defendants argue that the Court must dismiss or transfer this action because Defendants reside in Virginia, not Florida, and the challenged conduct occurred in Danville, Virginia. Plaintiff responds that she filed suit in the Middle District of Florida because she currently lives in Cape Coral, Florida. And, while she prefers the case stay here, she is "unopposed to a change of venue to Virginia" rather than dismissal. The Court agrees with Defendants that transfer is appropriate.

Neither Defendant resides in the Middle District of Florida nor has any connection to this district. And none of the facts giving rise to Plaintiff's suit occurred here. In contrast, both Defendants reside in Virginia. And all of the employment events forming the basis of Plaintiff's claims occurred in Danville, Virginia, within the Western District of Virginia. The only connection to the Middle District of Florida is Plaintiff's current residence. This is insufficient. *See Floyd v. Endurance Am. Specialty Ins. Co., Inc.*, No. 1:23CV12-MW/HTC, 2023 WL 10406714, at *2 (N.D. Fla. May 15, 2023) (finding venue improper

where "Plaintiff's residence is the only connection between this case and the . . . Division").  Accordingly, the Court finds that the interests of justice support transfer of this case to the Western District of Virginia, where all relevant events giving rise to Plaintiff's claims occurred.  *See* 28 U.S.C. § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Accordingly, it is now

**ORDERED:**

1. Defendants Motion to Dismiss or Transfer (Doc. 15) is **GRANTED in part.**

2. The Clerk is **DIRECTED** to transfer this matter to the United States District Court for the Western District of Virginia and close this Middle District of Florida case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 7, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record